(October 31, 1967)

In the Matter of JUSTO BAYRON, Petitioner, v. NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. In the Matter of RAMON BAYRON, Petitioner, v. NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. In the Matter of ROBERTO BAYRON, Petitioner, v. NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent.

*Per Curiam.* Proceedings pursuant to CPLR article 78 (transferred to this court from the Supreme Court, Bronx County, pursuant to CPLR 7804), seeking the review of determinations of the New York State Department of Motor Vehicles revoking, after a hearing held in accordance with section 394 of the Vehicle and Traffic Law, petitioners' driver school licenses.

The charges against the petitioner Justo Bayron were tried at joint hearing with his petitioner brothers, Ramon and Roberto, all three holding separate licenses to operate driver training schools. Each of the licensees was charged with frauds and fraudulent practices and with employing unlicensed instructors.

The discretion lodged in the courts to order a joint trial or consolidation of actions to expedite justice is possessed by administrative agencies. As we would not hesitate to exercise our supervisory power whenever satisfied that the action taken by a court or Judge constituted an abuse of discretion, we will condemn an administrative decision in this particular when it appears that the combined hearing was unfair to any one of the licensee parties. In the present instance we find that the joint hearing was a proper exercise of discretion on the part of respondent and that the determinations made with respect to Ramon Bayron and Roberto Bayron are supported by substantial evidence and should be confirmed.

It appears nevertheless that the hearing officer found that the testimony of one of the respondent's chief witnesses related to each of the three licensees. In this respect the hearing officer was in error. The testimony of Carmen Medina in no way related to Justo Bayron. The confusion thus evident in the mind of the hearing officer by his transference to Justo of that evidence affecting but Ramon and Roberto requires a new hearing in the interests of justice.

Determination of the respondent revoking Justo Bayron's license should be annulled on the law and the facts, without costs or disbursements, and the matter remanded to the respondent for a rehearing consonant with the foregoing.

Determinations as to petitioners Ramon Bayron and Roberto Bayron should be confirmed and their petitions dismissed, without costs or disbursements.

Botein, P. J., Stevens, Capozzoli, Tilzer and McGivern, JJ., concur.

Determination [Justo Bayron] unanimously annulled, on the law and the facts, without costs or disbursements, and the matter remanded to the respondent for a rehearing consonant with the opinion *Per Curiam* filed herein.

Determination [Ramon Bayron] unanimously confirmed and the petition dismissed, without costs and without disbursements.

Determination [Roberto Bayron] unanimously confirmed and the petition dismissed, without costs and without disbursements.